**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |
| Eric Moore, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | Adv. Case No. 26-_____ (JKS) |
| AMERICAN SIGNATURE, INC.; and KROEHLER FURNITURE, MFG., CO., INC., | |
| Defendants. | |

**CLASS ACTION ADVERSARY COMPLAINT FOR**
**VIOLATION OF FEDERAL WARN ACT, 29 U.S.C. § 2101 *et seq.***

**COMES NOW** Plaintiff, Eric Moore, and files this Class Action Complaint against

Defendants American Signature, Inc., and Kroehler Furniture, Mfg., Co., Inc., on his own behalf

and on behalf of over two hundred other employees, on the basis of Defendants' violation of the

federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN

Act").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

17792819/4

**PARTIES**

1.      Eric Moore ("Plaintiff") is citizen of the United States and an adult resident of North Carolina. Plaintiff was directly employed by Defendant Kroehler Furniture, Mfg., Co., Inc., ("Kroehler") but his effective employer was American Signature, Inc., ("American Signature") based on the facts and circumstances as alleged below.

2.      Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all affected employees who were employed by Defendants at their facility in Conover, North Carolina (the "Facility") and were terminated on or about December 31, 2025, or within 90 days of December 31, 2025.

3.      Defendant American Signature is a corporation that was formed under the laws of the State of Ohio and has its principal place of business in the State of Ohio. American Signature is a Debtor in the above-captioned bankruptcy case.

4.      Defendant Kroehler is a corporation that was formed under the laws of the State of Delaware and has its principal place of business in the State of Ohio. Kroehler is an affiliate of, and on information and belief, operated as a division of, Debtor American Signature, under arrangements whereby its payment obligations were routinely paid by American Signature.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334.

6.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1409.

7.      This is a core proceeding to be heard and determined by the Court pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). The Court may enter final orders in connection with the matters contained herein.

2

17792819/4

8.      Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Plaintiff consents to the entry of a final order or judgment by the Court on these claims to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## FACTUAL ALLEGATIONS

### *WARN Act Allegations*

9.      Defendant American Signature is a family-founded residential furniture company operating across its Value City Furniture and American Signature Furniture brands. Defendants, together with their related subsidiaries, employed approximately 3,000 people as of November 23, 2025.

10.     At all relevant times, Defendant Kroehler employed 100 or more employees, exclusive of part-time employees, (*i.e.*, those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

11.     Thus, Defendants are subject to the advance notice requirements as set forth in 29 U.S.C. § 2102.

12.     In December of 2025, Kroehler employed approximately 210 "full-time employees" (*i.e.*, employees exclusive of "part-time employees," as that term is defined in the federal WARN Act) at the Facility in Conover, North Carolina, including Plaintiff.

13.     On or about December 31, 2025, Plaintiff and the other employees at the Facility were informed that their employment was terminated, effective immediately.

14.     At the time of the mass layoff and/or plant closing, Plaintiff had been employed with Kroehler for over 6 months and worked more than twenty hours per week on average.

15.     The number of affected employees was more than fifty (50), which, upon information and belief, accounted for at least 33% of full-time employees at the Facility.

16.     Thus, the December 31, 2025, notification amounted to a "plant closing" and/or "mass layoff" as defined in 29 U.S.C. § 2101.

17.     Plaintiff, and all other employees who laid off on or about December 31, 2025, were not provided with sixty days' worth of advance notice.

18.     As such Defendants' failure to provide the requisite sixty days' worth of notice amounts to a violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*

### *Single Employer Allegations*

19.     Kroehler is the nominal employer of Plaintiff.

20.     The Defendants are affiliated.

21.     The Defendants are financially integrated. In the above-captioned bankruptcy case the Debtors admit to using their own payroll account to issue checks and wire transfers to pay the wages earned by employees of Kroehler.[2]

---

[2] *See Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 7] (the "Wage Motion") at n.2;  *see also Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue Operating Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Perform Intercompany Transactions, and (E) Granting Related Relief* [Docket No. 8] (the "Cash Collateral Motion") at ¶ 9.

17792819/4

22.    Both Kroehler and American Signature are indirectly owned and operated by the Schottenstein family, which family owns Schottenstein Stores Corporation, the parent of American Signature.

23.    The Defendants have common directors and officers.

24.    The Defendants are under common control.

25.    Jonathan Schottenstein is or as recently as November 21, 2025, has served as the President of American Signature and as a Director of American Signature.

26.    Jonathan Schottenstein is a Director of Kroehler.

27.    Jay Schottenstein is or as recently as November 5, 2025, has served as the Chairman of the Board and Chief Executive Officer of American Signature, and as a Director of American Signature.

28.    Jay Schottenstein is a Director of Kroehler and the Chairman of its Board of Directors.

29.    Richard Favata is the Vice President – Divisional Merchandise Manager of American Signature.

30.    Richard Favata was in charge of the Kroehler plant in Conover, North Carolina where Plaintiff worked at the time it was shut down.

31.    Eric Jackson is the Chief Financial Officer of American Signature.

32.    Eric Jackson is the Senior Vice President of Kroehler.

33.    Tod Friedman is the Chief Legal Officer, Vice President and Secretary of Defendant American Signature.

34.    Tod Friedman is the Secretary of Kroehler.

17792819/4

35. The Defendants share the same principal office address and mailing address at 4300 East Fifth Avenue in Columbus, Ohio.

36. Kroehler was a furniture manufacturer; at some point within the past four years, Kroehler came to supply its furniture exclusively to American Signature and its subsidiaries, American Signature Home Inc., and American Signature USA Inc. and the other Debtors.

37. Within that time period, Kroehler became and was a captive furniture supplier, for which American Signature and its subsidiaries were Kroehler's only customers.

38. Until Kroehler's closure, American Signature paid all of Kroehler's expenses and operating costs, including payroll.

39. More than 50 creditors filed claims in American Signature's bankruptcy cases totaling more than $2.3 million with the claims' basis being "Kroehler." *See Schedules of Assets and Liabilities for American Signature, Inc.*, [Bankruptcy Docket No. 228] at Sch. E/F Part 3.

40. Upon information and belief, the Defendants have a unity of personnel policies emanating from a common source.

41. Upon information and belief, the Defendants had a common 401(k) plan in which their employees were eligible to participate.

42. Upon information and belief, the Defendants had other employee benefit offerings in which their employees were eligible to participate.

43. Kroehler was fully dependent upon American Signature to operate given it supplied no other customers, and given that American Signature paid all of Kroehler's expenses and operating costs, including payroll.

44. Plaintiff and the other employees were instructed to contact Karen Johnson for further information about the layoff. Karen Johnson is employed by American Signature.

17792819/4

45.     The WARN notice Kroehler distributed to Plaintiff and other employees on December 31, 2025, stated that the decision to close the Facility was due to a large reduction in business "resulting from its parent company's Chapter 11 bankruptcy filing."

46.     Under the circumstances, Kroehler operated not as an independent corporation but rather as a division of American Signature.

47.     Upon information and belief, American Signature ordered the closure of the Kroehler facility in Conover, North Carolina.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> **WARN Class**
> All employees who were employed by Defendants that suffered an employment loss as a result of the closure of the Conover, North Carolina facility and/or mass layoff that occurred on or about December 31, 2025, and within 90 days of December 31, 2025 (the "WARN Class").

49.     Numerosity – Fed R. Civ. P. 23(a)(1).  The persons in the WARN Class identified above (the "WARN Class Members") contains approximately 210 individuals, the joinder of which in one action would be impracticable.  The exact number or identification of the WARN Class Members is presently unknown.  The identity and number of the WARN Class Members is ascertainable and can be determined from the Defendants' records.

50.     Predominance of Common Questions - Fed R. Civ. P. 23(b)(3).  The questions of law and fact common to the Class predominate over questions affecting only individual WARN Class Members, and include, but are not limited to:

a.      Whether the WARN Class Members were employees of the Defendants;

b.      Whether Defendants gave the requisite 60 days' advanced written notice;

c.      Whether Defendants can avail themselves of any affirmative defenses;

7

17792819/4

d.      Whether the proposed class has enough members for this class action to proceed; and

e.      Whether Defendants paid the WARN Class Members 60 days' wages and benefits as required by the WARN Act.

51.      Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Individual questions, if any, are not prevalent in comparison to the common questions that dominate this action.

52.      Typicality – Fed R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct. Plaintiff, like other WARN Class Members, worked at, received assignments from, or reported to the Facility and were terminated without cause during the period beginning December 31, 2025, due to the mass layoff and/or plant closing ordered by the Defendants.

53.      Adequacy – Fed R. Civ. P. 23(a)(4); 23(g)(1).  Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interest incompatible with the interests of the Class, and has retained counsel competent and experienced in such class action litigation.

54.      Superiority – Fed. R. Civ. P. 23(b)(3).  This case is best suited as a class action because individual litigation of each Class Member's claims would be impracticable and unduly burdensome on the courts.  Because of the size of each individual Class Member's claim, no Class Member could afford to seek legal redress for the wrongs identified in the Complaint.  A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

8

**COUNT I**

**VIOLATIONS OF THE FEDERAL WARN ACT**

55.     Plaintiff, by this reference, adopts and re-asserts all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

56.     Plaintiff and other affected employees who have worked for Defendants are entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 *et. seq.*

57.     Defendants are subject to the notice and back pay requirements of the federal WARN Act because Defendants are a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).

58.     At all relevant times, Defendants were an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until they decided to order mass layoffs and/or the plant closing at the Facility.

59.     At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant Koehler as that term is defined by 29 U.S.C. § 2101.

60.     During the 30-day period beginning on December 31, 2025, Defendants ordered mass layoffs and/or the plant closing at the Facility.

61.     The mass layoff and/or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant Kroehler's employees as well as thirty-three percent of the Defendant Kroehler's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

9

62. Plaintiff and those similarly situated former employees were terminated by Defendants without cause of their part, as a part of or as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants at the Facility.

63. Plaintiff and those similarly situated former employees are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

64. Defendant Kroehler was required by the WARN Act to give Plaintiff and those similarly situated former employees at least sixty (60) days advance written notice of their terminations.

65. Plaintiff, and all other similarly situated former employees, were not provided with 60 days' advance notice of their employment losses as required by the WARN Act.

66. Plaintiff and those similarly situated former employees are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

67. Defendants engaged in conducting a plant closing and/or mass layoff within the meaning of the federal WARN Act, but have not provided affected employees with the required notice, in violation of the federal WARN Act.

68. Defendants failed to pay Plaintiff and those similarly situated former employees their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued paid time off for sixty (60) days following their respective terminations, and failed to provide employee benefits including health insurance for sixty (60) days from and after the dates of their respective terminations.

17792819/4

## COUNT II

### DECLARATORY JUDGMENT THAT DAMAGES ARE ENTITLED TO ADMINISTRATIVE EXPENSE CLASSIFICATION ON BEHALF OF THE WARN CLASS

69. Plaintiff realleges and incorporates by reference all allegations set forth above as if set forth fully herein.

70. Plaintiff seeks a declaratory judgment that his claim for damages for WARN Act violations are administrative expenses under 11 U.S.C. § 503(b), because these claims arose post-petition, and the Defendants kept the facility open and operating past the Petition Date as a benefit to the estate.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests this Court enter the following relief:

a. Declare and find that the Defendants have violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.*;

b. Certify this case as a class action;

c. Award compensatory damages and penalties, in an amount according to proof;

d. Award pre- and post-judgment interest;

e. Declaratory judgment that Plaintiff's WARN Act claim are administrative expenses;

f. Award reasonable attorneys' fees, costs, and expenses; and

g. Award any and all additional relief the Court may deem appropriate.

17792819/4

Dated: March 12, 2026

**MORRIS JAMES LLP**

*/s/ Eric J. Monzo*
Eric J. Monzo (DE Bar No. 5214)
Christopher M. Donnelly (DE Bar No. 7149)
3205 Avenue North, Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
      cdonnelly@morrisjames.com

-and-

William "Jack" Simpson, MBN 106524
(*pro hac vice* forthcoming)
**SIMPSON, PLLC**
100 South Main Street
Booneville, MS  38829-0382
Telephone: (662) 913-7811
Facsimile: (662) 728-1992
E-mail: jack@simpson-pllc.com

-and-

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Michael Tackeff (*pro hac vice* forthcoming)
Mariah S. England (*pro hac vice* forthcoming)
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
E-mail: gstranch@stranchlaw.com
      mtackeff@stranchlaw.com
      mengland@stranchlaw.com

*Attorneys for Plaintiff and the Putative Class*

17792819/4